United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&K TILE CO, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-01807 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| EMSER TILE LLC and DOES 1–5, | § | |
| Defendants. | § | |

## ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

The motion by Defendant Emser Tile LLC for summary judgment is granted. Dkt 42.

1. Background

This is a contract dispute concerning construction of the Post Oak Hotel in Houston. Plaintiff J&K Tile Co was a subcontractor on the project. Defendant Emser Tile LLC sold marble to J&K Tile to be used in construction.

J&K Tile hasn't paid for all the marble it received from Emser. But it preemptively initiated this breach-of-contract suit in state court, putatively seeking an offset of the amount owed on the basis that Emser provided inadequate marble and overcharged for certain material. See Dkt 1-3 (original petition); see also Dkt 30 (stipulating to dismissal of claims for declaratory relief and tortious interference). Its attempts to return some of the material have apparently been rejected. See Dkt 1-3 at ¶ 11. In addition to suing Emser, J&K Tile sued five John Doe Defendants who haven't been identified or described in this action. See Dkt 1-3 at ¶ 5.

After removal, Emser filed a counterclaim seeking to recover over half a million dollars from J&K Tile for the marble supplied. See Dkt 11; see also Dkt 42-1 (establishing amount owed). Emser supplied this marble throughout 2017 and 2018 following receipt of purchase orders from J&K Tile. Emser issued an order acknowledgment to J&K Tile upon receipt of each purchase order. The acknowledgment was signed by J&K Tile and contained Emser's terms and conditions. For example, see Dkt 42-4 at 4–5. Several provisions of the terms and conditions bear on J&K Tile's claim against Emser.

Paragraph Four warns that "non-uniformity in color and in texture may be inherent" to the goods being purchased and that "Emser shall not be responsible for installation or replacement claims arising from such non-uniformity." Dkt 42-4 at 4.

Paragraph Seven describes the process for inspection and rejection of nonconforming goods. It provides in part:

> Buyer agrees to inspect all goods delivered to Buyer within 72 hours of delivery to Buyer or before the same are installed, whichever first occurs. If for any reason the goods are defective, nonconforming, or the wrong goods have been shipped, Buyer shall notify Emser in writing within 48 hours of such inspection and before installation. Emser shall have no liability to Buyer unless such inspection and notice are made timely, as aforesaid.

Ibid.

Paragraph Nine also provides that J&K Tile "shall have no right to return any goods except for defective goods as expressly stated herein and Emser shall have the absolute right not to accept returns except as so stated." Ibid.

Paragraph Twenty-two states that the terms could be modified only in writing. Id at 5.

2

Emser moves for summary judgment on its counterclaim for breach of contract and on the claim by J&K Tile for an offset. Dkt 42. It there describes the difficulty it has had discerning the exact basis for J&K Tile's claim given the failure of J&K Tile to prepare a Rule 30(b)(6) deponent for his deposition and to respond to subsequent discovery requests. Id at 7–8.

J&K Tile has responded in a seven-page filing that is neither clear nor persuasive. It also ignores important aspects of Emser's argument. See Dkt 44.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*,

783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

3. Analysis

Summary judgment is appropriate as to both the counterclaim by Emser and the primary claim by J&K Tile.

*As to the counterclaim by Emser,* Emser has established that J&K Tile owes $504,886.87 for the marble that it purchased. See Dkt 42-1; see also *Tamasy v Lone Star College System*, 635 SW3d 702, 708 (Tex App—Houston [14th Dist] 2021, no pet) (describing elements of breach-of-contract claim). J&K tile attempts to create a fact issue by noting a discrepancy between prices quoted to it when bidding on the project and prices invoiced by Emser. See Dkt 44; see also Dkt 44-1 at 5–14. But it in no way explains why this purported overcharge precludes summary judgment or would entitle it to a reduction in the amount owed to Emser. This failure means that Emser is entitled to summary judgment not only on its counterclaim but also on the primary claim by J&K Tile to the extent it seeks an offset for the purported overcharge.

Summary judgment will be granted on the breach-of-contract claim brought by Emser against J&K Tile.

*As to the primary claim by J&K Tile,* all of the potential bases identified for potential offsets either are barred by the terms and conditions or J&K Tile has failed to put forth evidence creating an issue of fact as to their existence.

As described above, the terms and conditions require buyers like J&K Tile to inspect goods within 72 hours of receipt and notify Emser of any deficiency or non-conformity within 48 hours. They also provide that Emser

4

may not be held liable for defects if a buyer fails to engage in this process. Dkt 42-4 at 4 (¶ 7). Emser says that although J&K Title rejected certain materials, it failed to do so in the manner prescribed by the terms and conditions. See Dkt 42 at 12–13. J&K Tile puts forth no evidence showing this to be untrue. Indeed, it essentially ignores the terms-and-conditions argument. It instead tries to create a fact issue merely by arguing that Emser made a settlement offer to J&K Tile. See Dkt 44 at 2, 4; see also Dkt 44-1 at 23 (settlement offer reducing amount owed by J&K Tile to $357,727.78). Such evidence is inadmissible to prove any liability on the part of Emser. See FRE 408 (prohibiting evidence of settlement offer to prove the validity or amount of a disputed claim). J&K Tile has thus failed to dispute with admissible evidence that the terms and conditions bar the offsets it seeks for deficient or nonconforming goods. And since no offset is available under those terms and conditions for deficient or nonconforming goods, no offset is available based on the refusal of Emser to accept returns, either. See Dkt 42-4 at 4 (¶ 9): "Buyer shall have no right to return any goods except for defective goods as expressly stated herein and Emser shall have the absolute right not to accept returns except as so stated."

J&K Tile also seeks an offset upon argument that Emser agreed to pay certain charges for mosaics and door casings to non-parties American Bullnose and Universal Star. But as Emser notes in reply, the emails submitted in support of this claim show only that Emser offered *pricing* to J&K Tile for Emser to do the work related to the mosaics and door casings. See Dkt 44-1 at 15–22. J&K Tile has submitted no evidence showing that Emser agreed to pay for the materials purchased from American Bullnose or Universal Star. Nor does J&K Tile put forth any evidence showing that the agreement between the parties was modified to account for these charges. See Dkt 42-4 at 5 (¶ 22) (requiring modifications to be in writing). The claimed offset on this basis fails.

Summary judgment will be granted on the claim brought by J&K Tile against Emser.

4. Conclusion

The motion by Defendant Emser Tile LLC for summary judgment is GRANTED. Dkt 42.

Emser is ORDERED to file a proposed final judgment by July 24, 2023. The final judgment must (i) specify any and all amounts that J&K Tile owes Emser pursuant to this ruling, and (ii) state that J&K Tile shall take nothing on its claims against Emser.

J&K Tile is ORDERED to show cause why its claims against the remaining John Doe Defendants shouldn't be dismissed. Such filing must be made by July 21, 2023. Failure to show cause by that date will result in dismissal of all claims against the Doe Defendants. Final judgment will then enter.

SO ORDERED.

Signed on July 13, 2023,, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge